[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10183
Non-Argument Calendar

_____

D. C. Docket No. 08-00046-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUZANNE MARIE KAISER,
a.k.a. Kendal,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 20, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Suzanne Marie Kaiser appeals her 168-month sentence imposed after she

pled guilty to conspiracy to distribute and possess with intent to distribute at least 5 kilograms of cocaine and 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii),(b)(1)(A)(vii) and 846, and possession with intent to distribute at least 5 kilograms of cocaine and 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(b)(1)(A)(ii),(b)(1)(B)(vii) and 18 U.S.C. § 2. On appeal, she argues that the district court erred by enhancing her sentence for her co-conspirator's possession of a firearm in furtherance of the conspiracy. She contends that this possession was not reasonably foreseeable to her.

We review for clear error the district court's finding that a co-conspirator's use of a weapon was reasonably foreseeable. *See United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (per curiam) (citation and quotation marks omitted). Clear error occurs if "we are left with a definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (citation and quotation marks omitted). We have explained that

> [t]he § 2D1.1(b)(1) enhancement may be applied when the firearm is possessed by a co-conspirator. The enhancement applies to a co-conspirator when the government establishes by a preponderance of the evidence that (1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant.

2

*Pham*, 463 F.3d at 1245 (internal citations and quotation marks omitted).

In *Pham*, the defendant's sentence was enhanced because an unloaded pistol, along with ammunition, marijuana, a scale, and other drug paraphernalia, was found in his co-conspirator's home. *Id.* at 1241. On appeal, the defendant objected to the § 2D1.1(b)(1) firearm enhancement. *Id.* at 1245. He argued that the use of a firearm by a co-conspirator was not reasonably foreseeable to the defendant. *Id.*

We rejected his argument, noting that "numerous cases have recognized that guns are a tool of the drug trade," and that "[t]here is a frequent and overpowering connection between the use of firearms and narcotics traffic." *Id.* at 1246 (citations and quotation marks omitted). We also observed that we have "upheld application of the § 2D1.1(b)(1) enhancement even where defendants claim they were unaware of the firearm possession." *Id.* (citation omitted).

Here, the district court did not clearly err by finding that the rifle at the drug stash house was reasonably foreseeable to Kaiser. The conspiracy involved more than 250 kilograms of cocaine and 10,000 pounds of marijuana. Kaiser herself picked up and transported loads of up to 17 kilograms of cocaine and more than 300 pounds of marijuana. Accordingly, the district court properly found that the § 2D1.1(b)(1) firearm enhancement applied. We affirm Kaiser's sentences.

**AFFIRMED.**